# United States District Court
## for the Southern District of Georgia
### Brunswick Division

| | | |
|---|---|---|
| PEGGY FRANCES RIGGINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| PHOENIX LIFE INSURANCE COMPANY, | : | |
| Defendant. | : | NO. CV205-138 |

### O R D E R

Defendant has filed a motion seeking reconsideration of the Court's March 20, 2006, Order, denying in part Defendant's motion for summary judgment. In the alternative, Defendant seeks certification for interlocutory appeal, and a stay of these proceedings pending said appeal. For the following reasons, Defendant's motion will be **DENIED**.

AO 72A
(Rev. 8/82)

**BACKGROUND**

In this diversity action, Plaintiff seeks reinstatement of a survivorship life insurance policy insuring her parents.[1] Defendant filed a motion for summary judgment, arguing that it was entitled to summary judgment because the original policy lapsed due to nonpayment of the annual premium in 2002, and coverage could not be reinstated because Plaintiff was unable to submit satisfactory evidence of the insureds' insurability.

Plaintiff, in both her opposition to Defendant's motion and in her brief in support of her cross motion for summary judgment, argued that the insurability of her parents was not relevant because Defendant breached the terms of the policy by failing to deliver the premium notice to the address provided in the application as it was under a contractual duty to do. In response, Defendant argued that the language in the application indicating where the premium notice was to be sent did not create a contractual duty to send such notice and, despite having no contractual obligation to do so, the 2002 premium notice was properly mailed to Plaintiff's last known address.

---

[1] Plaintiff's claim for bad faith penalties pursuant to O.C.G.A. § 33-4-6 was dismissed as premature in the Court's March 20, 2006, Order.

Case 2:05-cv-00138-AAA   Document 55   Filed 06/16/06   Page 3 of 12

By Order dated March 20, 2006, the Court denied Plaintiff's motion for summary judgment, and denied in part Defendant's summary judgment motion. In rendering its decision, the Court noted that other courts, including the District Court for the Northern District of Georgia, have assumed that a contractual duty is created to provide premium notice where, as here, the application inquires as to where the premium notice is to be sent. The Court, however, did not find it necessary to address whether Defendant had a contractual duty in light of Defendant's practice, for almost twenty years, of providing such notice, which created a duty to provide Plaintiff with notice of the 2002 premium. The Court concluded that neither party was entitled to summary judgment on Plaintiff's breach of contract claim because genuine issues existed as to whether Defendant made reasonably diligent efforts to deliver the premium notice to Plaintiff, and whether Plaintiff acted with reasonable diligence in contacting Defendant to inquire and pay the 2002 premium after notice was not received.

In the instant motion, Defendant enumerates two errors warranting reconsideration of the Court's previous order. Defendant contends that the Court erred in finding that

3

AO 72A
(Rev. 8/82)

Defendant had a duty to provide Plaintiff with a premium notice based on custom because Plaintiff only argued that Defendant had a contractual duty to provide such notice. Defendant further contends that even were such a duty owed, the Court's conclusion that genuine issues exist as to the reasonableness of Defendant's efforts to deliver notice, and Plaintiff's 11-month delay in contacting Defendant about the premium, is inconsistent with Georgia case law.

## DISCUSSION

### I. Reconsideration Standard

A motion for reconsideration serves "the limited purpose of correcting manifest errors of law or fact, or in certain instances, calling newly discovered evidence to the court's attention." Am. Signal Co. v. All Am. Semiconductor of Atlanta, Inc., 2006 WL 1042543, slip op. at *1 (N.D. Ga. April 19, 2006). A motion to reconsider is appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Because

reconsideration should be sparingly exercised, <u>Ctr. for Biological Diversity v. Hamilton</u>, 385 F. Supp.2d 1330, 1337 (N.D. Ga. 2005), the Court is willing to reconsider a prior ruling on an issue only in the face of new mandatory authority.

## II. **Enumerated Errors**

### A. **Duty to Provide Notice of Premium**

Defendant contends the Court erred in concluding that it owed Plaintiff a duty, created by custom, to provide notice of the annual premium because Plaintiff only argued that Defendant had a contractual duty to provide such notice. In disposing of a motion for summary judgment, the court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, in the light most favorable to the party opposing the motion, and to determine whether "everything in the record indicates that there is no genuine dispute over the material facts, <u>and</u> that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Brown v. Hughes</u>, 894 F.2d 1533, 1536 (11th Cir.), <u>cert. denied</u>, 496 U.S. 928, 110 S.Ct. 2624, 110 L.Ed.2d 645 (1990) (citing <u>Tippens v. Celotex Corp.</u>, 805 F.2d 949, 952 (11th Cir. 1986)) (emphasis added). Thus, it is not

sufficient that the moving party demonstrate there exists no genuine dispute over any material facts. In addition, the court must determine that the movant is entitled to judgment as a matter of law. Id. Provided these two requirements are met, the court may grant summary judgment on a count contained in the complaint, even if the count is not included in the summary judgment motion. See Chambers v. Kaleidoscope, Inc. Profit Sharing Plan & Trust, 650 F.Supp. 359, 372 (N.D. Ga. 1986) ("Although she has not included this claim in her summary judgment motion, the court may grant summary judgment on this count if it finds there is no genuine issue of material fact and plaintiff is entitled to judgment as a matter of law."). Even if not explicitly raised in the parties' moving papers, the issue of whether Defendant had a duty to provide a premium notice to Plaintiff was subsumed in Defendant's broader argument that it did not breach the terms of the policy but that the policy lapsed for non-payment of the premium. Accordingly, the Court did not err in finding that Defendant's practice, for almost twenty years, of providing notice created a duty to provide Plaintiff with notice of the 2002 premium.

B.   **Georgia Supreme Court Decision in Grant**

Defendant contends that even were a duty owed to provide the premium notice, it is entitled to summary judgment under the Georgia Supreme Court decision in Grant v. Ala. Gold Life Ins. Co., 76 Ga. 575 (1886). Specifically, Defendant contends that any duty owed was satisfied when Defendant mailed notice to the post office box, Plaintiff's last known address, and that Plaintiff has failed as a matter of law to demonstrate a "providential cause" for her 11-month delay in contacting Defendant after notice was not received. Upon review of its March 20, 2006, Order, the Court finds that further clarification is appropriate.

Neither party cited binding precedent in their moving papers. The sole case found by the Court with facts remotely similar to those in the instant case is an 1886 Georgia Supreme Court decision in Grant v. Ala. Gold Life Ins. Co., 76 Ga. 575, 1886 WL 1337 (1887). In Grant, the plaintiff obtained two life insurance policies from the defendant insurance company to secure debt, one on his own life and one on the life of a third party. Initially, the defendant's local Georgia agent provided personal notice to plaintiff when the premiums were due. After defendant withdrew its agencies from Georgia, however, notice

was mailed from the defendant's principal office in Alabama. Shortly thereafter, the plaintiff failed to pay the premium and premium notes on both policies.

When the plaintiff later attempted to tender the outstanding premiums, the defendant refused to recognize the plaintiff's right to continue either policy.[2] While finding that the plaintiff had a right to rely on the defendant's custom of providing personal notice, the <u>Grant</u> court concluded that the plaintiff's unexplained delay in contacting the defendant after notice was not received, 15 months on one policy and more than 6 months on the other, which ended only after a compensable injury occurred,[3] was unreasonable as a matter of law. In dicta, the court noted that 2 or 3 months in a policy of annual premiums, absent some "overpowering providential cause," should constitute an intent to decline continued coverage. Based on the foregoing, the Court found that, absent an overpowering "providential cause", an 11-month delay is unreasonable as a matter of law.

---

[2] It appears from the decision that the plaintiff asserted he did not pay the premium because he did not receive the customary personal notice from the local agent and did not inquire about the premium until after the third party insured's death.

[3] The plaintiff's "sleep over his rights, . . . [was] so deep that it may be inferred that only [the third party's] death awoke him . . ." <u>Grant</u>, 76 Ga. at 582.

AO 72A
(Rev. 8/82)

Defendant contends that the decision in <u>Grant</u> mandates the Court in the instant case hold that Defendant satisfied any obligation to provide notice by mailing the premium notice to the last address provided by Plaintiff. The Court, however, found <u>Grant</u> of only limited application on this issue because the plaintiff in <u>Grant</u> challenged the method of delivery of the notice - via mail after a custom via personal delivery was established - not the address where the notice was sent as Plaintiff in the instant case. Instead, the Court properly gleaned guidance from Georgia case law involving challenges to where the premium notice was sent when the insurer had a statutory duty to provide such notice. Accordingly, Defendant has failed to demonstrate that the decision in <u>Grant</u> mandates reconsideration in his favor on this issue.

Defendant further contends that Georgia case law mandates judgment in its favor on the issue of whether Plaintiff's explanation for her 11 month delay in contacting Defendant rises to the level of a "providential cause." Defendant asserts that, by "overpowering providential cause," the court in <u>Grant</u> was referring to "acts only as may be attributed to an act of God." See <u>Thomas v. State</u>, 118 Ga. App. 748, 750, 165 S.E.2d 477, 479 (1968) (holding that physical disability

resulting from surgery two days before enumeration of errors failed to allege facts constituting providential cause to open default). An act cannot "be attributed to God, from a legal standpoint, if it is apparent or probable that the result could have been prevented by the exercise of ordinary care and diligence." Evans & Pennington v. Nail, 7 Ga. App. 129, 66 S.E. 543, 546 (1909). Thus, Georgia case law requires something greater than excusable neglect to establish providential cause.

The Court finds that a reasonable jury could arguably find Plaintiff's explanation rises to the level of a providential cause, particularly in light of the fact that none of the cases cited by Defendant apply the term "providential cause" in the context of an insured's delay in contacting the insurer after premiums come due. Furthermore, as indicated in its previous order, the Court finds the facts of the instant case distinguishable from those in Grant in several significant respects. In addition to offering an explanation for her delay in contacting Defendant, Plaintiff paid the $25,605 premium for almost twenty years and contacted Defendant prior to the occurrence of any covered loss. Thus, Defendant has failed to

demonstrate that Georgia case law mandates reconsideration in its favor on this issue.

III.    **Interlocutory Appeal**

An interlocutory appeal is appropriate when the court determines that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 29 U.S.C. § 1292(b). An interlocutory appeal is not, however, a "vehicle to provide early review of difficult rulings in hard cases." Wausau Business Ins. Co. v. Turner Const. Co., 151 F. Supp.2d 488, 492 (S.D. N.Y. 2001) (citations omitted). Having duly considered Defendant's motion, the Court concludes that Defendant has failed to proffer any binding authority that would raise substantial ground for a difference of opinion as to a controlling question of law.

**CONCLUSION**

Having read and considered Defendant's motion, the Court finds no reason to disturb its previous order. For the

11

foregoing reasons, Defendant's motion for reconsideration or, in the alternative, certification for interlocutory appeal and motion to stay these proceedings pending said appeal (Doc. No. 53) are **DENIED**.

**SO ORDERED**, this 15th day of June, 2006.

*[signature]*
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)